**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT STRADER, | : | Civil Action No.: |
| Plaintiff | : | |
| v. | : | |
| D'ANDREA WINE & LIQUOR IMPORTS, INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | ELECTRONICALLY FILED |

## COMPLAINT

Plaintiff Scott Strader ("Mr. Strader"), by his attorneys, Broughal & DeVito, L.L.P., files this Complaint against Defendant D'Andrea Wine & Liquor Imports, Inc. ("D'Andrea Wine" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an employment discrimination action arising under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA").

2. Mr. Strader has chronic insomnia that substantially limits his ability to sleep and, when active, causes exhaustion, dizziness, nausea, and difficulty functioning.

3. On July 17, 2024, Mr. Strader informed Defendant that his diagnosed chronic insomnia had flared severely and requested one sick day because he was unable to work safely.

4. Defendant terminated Mr. Strader that same day, without engaging in any interactive process or permitting the requested brief leave.

5. Defendant later asserted that it terminated Mr. Strader for his communications with a coworker. Mr. Strader denies that this explanation accurately or completely states the reason for his termination and alleges that it is pretextual.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Mr. Strader's federal claims pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Mr. Strader's PHRA claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as his ADA claims.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Mr. Strader's claims occurred in the Eastern District of Pennsylvania, where Mr. Strader resided and worked as a territory manager covering customers and accounts in the District.

## PROCEDURAL PREREQUISITES

9. Mr. Strader timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 533-2025-00877, alleging disability discrimination under the ADA and PHRA.

10. The Charge was filed with the EEOC for dual filing with the Pennsylvania Human Relations Commission ("PHRC").

11. More than one year has elapsed since the filing of the Charge.

12. On June 24, 2026, the EEOC issued a Determination and Notice of Rights dismissing the Charge and authorizing Mr. Strader to file suit under federal law.

13. Mr. Strader received the Notice of Rights electronically on or after June 24, 2026.

14. This action is filed within ninety days of Mr. Strader's receipt of the Notice of Rights, and all conditions precedent to suit have been satisfied.

## PARTIES

15. Plaintiff Scott Strader is an adult individual who resides in Ridley Park, Delaware County, Pennsylvania.

16. Defendant D'Andrea Wine & Liquor Imports, Inc. is a Pennsylvania corporation engaged in the importation and statewide distribution of wine and spirits.

17. Defendant employed more than fifteen employees during the relevant period and was an employer within the meaning of the ADA and PHRA.

18. Defendant conducted business throughout Pennsylvania, including within the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

19. Defendant hired Mr. Strader on or about August 16, 2019, as a Territory Manager in its Sales Department.

20. As a Territory Manager, Mr. Strader met with customers, sold Defendant's products, maintained customer relationships, and coordinated deliveries.

21. Mr. Strader was qualified for his position and was able to perform its essential functions with or without reasonable accommodation.

22. Mr. Strader has a longstanding diagnosis of chronic insomnia.

23. Medical providers documented Mr. Strader's difficulty falling or staying asleep beginning no later than 2018 and continued to diagnose and treat his insomnia during his employment with Defendant.

24. Mr. Strader's insomnia substantially limits the major life activity of sleeping.

25. When Mr. Strader's insomnia is active or flares, it can prevent him from sleeping for prolonged periods and can cause severe exhaustion, dizziness, nausea, impaired concentration, and difficulty standing and functioning.

26. Defendant knew about Mr. Strader's insomnia before terminating him. When Defendant's owner, John D'Andrea, was in town and staying in hotels, he and Mr. Strader discussed and commiserated about insomnia.

27. In May 2024, Mr. Strader and a coworker, Duane, had a dispute concerning the coworker's political apparel and communications.

28. Defendant's owner instructed the employees to stop communicating with each other and later told Mr. Strader that they could perform their work separately.

29. On or about July 14, 2024, Duane sent Mr. Strader profane and threatening text messages, including an invitation to fight and the statement that he knew where Mr. Strader lived, which he called "not a threat" but "a promise."

30. Mr. Strader promptly forwarded the threats to John D'Andrea and stated that the threats demanded action.

31. Mr. Strader advised John D'Andrea that he was considering reporting the threats to police.

32. John D'Andrea directed Mr. Strader to block Duane's number and stated that he wanted to stay out of the dispute as much as possible.

33. Mr. Strader contacted the Ridley Park Police Department concerning Duane's threats and asked Defendant to provide information requested by the police.

34. Defendant declined to provide the requested employee information and did not meaningfully investigate the threats reported by Mr. Strader.

35. During the escalating dispute, Mr. Strader made angry and inappropriate statements about Duane in communications with John D'Andrea.

36. Mr. Strader did not carry out any threat, did not go to Duane's home, and did not engage in workplace violence.

37. On July 17, 2024, at approximately 6:04 a.m., Mr. Strader emailed John D'Andrea and Ron Toth with the subject "Sick Day."

38. Mr. Strader stated: "I can't work today. I haven't slept since receiving Duane's clear and overt threats of violence against me and my home. My diagnosed chronic insomnia has been the worst it's ever been."

39. Mr. Strader further explained that he felt dizzy and nauseous from exhaustion and was nervous because Duane would be nearby that day.

40. Mr. Strader's communication provided Defendant direct notice of his diagnosed impairment, the functional limitations caused by its acute flare, and his need for one day of leave.

41. Mr. Strader's request for one sick day was a request for a reasonable accommodation under the ADA and PHRA.

42. At approximately 7:53 a.m., John D'Andrea responded that Duane was no longer with the company and that he would speak with Mr. Strader later that morning.

43. Mr. Strader responded that they could speak the following day when he was feeling better.

44. Defendant did not request medical documentation, seek clarification, discuss an alternative accommodation, or otherwise engage in an interactive process.

45. Defendant did not permit Mr. Strader to take the requested one-day leave and return when he was able to work.

46. Instead, Defendant terminated Mr. Strader on July 17, 2024, the same day he disclosed the acute effects of his diagnosed chronic insomnia and requested accommodation.

47. Defendant did not provide Mr. Strader a termination letter at the time of his discharge.

48. Defendant later asserted that Mr. Strader was terminated because of his behavior and conversations with Duane and represented that a termination letter had been provided to him.

49. Mr. Strader denies receiving the alleged termination letter.

50. Defendant's contention that it had no knowledge of Mr. Strader's disability before the termination is contradicted by Mr. Strader's prior discussions with John D'Andrea and by his explicit July 17, 2024 sick-day request.

51. Defendant's contention that the termination was based solely on prior communications is undermined by the timing of the decision, which followed immediately after Mr. Strader disclosed his disability-related limitations and requested accommodation.

52. Defendant had addressed the employees' dispute by separating them and had not terminated Mr. Strader before his July 17 request for disability-related leave.

53. Defendant's owner told Mr. Strader on July 17 that Duane was no longer employed and that they would talk later, but Defendant then terminated Mr. Strader that same day instead of allowing the requested brief leave.

54. Defendant's stated explanation is false, incomplete, exaggerated, inconsistently applied, and a pretext for disability discrimination and retaliation for requesting accommodation.

55. As a direct result of Defendant's unlawful conduct, Mr. Strader has suffered lost wages, lost benefits, emotional distress, inconvenience, embarrassment, and other economic and noneconomic harm.

56. After his separation, Mr. Strader sought and obtained other employment, thereby mitigating his damages.

## COUNT I
## DISABILITY DISCRIMINATION (ADA)

57. Mr. Strader incorporates by reference paragraphs 1 through 56 of this Complaint as if set forth fully herein.

58. Mr. Strader is an individual with a disability within the meaning of the ADA because his chronic insomnia substantially limits the major life activity of sleeping.

59. Mr. Strader was qualified to perform the essential functions of his Territory Manager position, with or without reasonable accommodation.

60. Defendant knew of Mr. Strader's disability and related limitations.

61. Defendant terminated Mr. Strader because of his disability.

62. Defendant's stated reason for terminating Mr. Strader is pretextual.

63. Mr. Strader suffered damages as a result of Defendant's violation of the ADA.

WHEREFORE, as to Count I, Plaintiff seeks all relief available under the ADA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT II**
**FAILURE TO ACCOMMODATE (ADA)**

64. Mr. Strader incorporates by reference paragraphs 1 through 63 of this Complaint as if set forth fully herein.

65. Mr. Strader requested the reasonable accommodation of one day of disability-related leave because an acute flare of his chronic insomnia rendered him unable to work that day.

66. The requested accommodation was reasonable and would have enabled Mr. Strader to return to and perform his position.

67. Defendant failed to engage in the interactive process and denied the requested accommodation by terminating Mr. Strader on the day of his request.

68. Mr. Strader suffered damages as a result of Defendant's violation of the ADA.

WHEREFORE, as to Count II, Plaintiff seeks all relief available under the ADA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT III**
**RETALIATION (ADA)**

69. Mr. Strader incorporates by reference paragraphs 1 through 68 of this Complaint as if set forth fully herein.

70. Mr. Strader engaged in protected activity when he requested a reasonable accommodation for his disability.

71. Defendant terminated Mr. Strader the same day because he requested a reasonable accommodation.

72. The immediate temporal proximity between Mr. Strader's request and his termination, together with Defendant's inconsistent explanations, supports a causal connection.

73. Mr. Strader suffered damages as a result of Defendant's retaliation.

WHEREFORE, as to Count III, Plaintiff seeks all relief available under the ADA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## COUNT IV
## DISABILITY DISCRIMINATION (PHRA)

74. Mr. Strader incorporates by reference paragraphs 1 through 73 of this Complaint as if set forth fully herein.

75. Mr. Strader is a person with a disability within the meaning of the PHRA and was qualified for his position.

76. Defendant terminated Mr. Strader because of his disability in violation of the PHRA.

77. Defendant's stated reason for terminating Mr. Strader is pretextual.

78. Mr. Strader suffered damages as a result of Defendant's violation of the PHRA.

WHEREFORE, as to Count IV, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT V**
**FAILURE TO ACCOMMODATE (PHRA)**

79. Mr. Strader incorporates by reference paragraphs 1 through 78 of this Complaint as if set forth fully herein.

80. Mr. Strader requested a reasonable accommodation for his disability.

81. Defendant failed to engage in an interactive process and failed to provide the requested reasonable accommodation in violation of the PHRA.

82. Mr. Strader suffered damages as a result of Defendant's violation of the PHRA.

WHEREFORE, as to Count V, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**COUNT VI**
**RETALIATION (PHRA)**

83. Mr. Strader incorporates by reference paragraphs 1 through 82 of this Complaint as if set forth fully herein.

84. Mr. Strader engaged in protected activity by requesting a reasonable accommodation.

85. Defendant terminated Mr. Strader because of that protected activity, in violation of the PHRA.

86. Mr. Strader suffered damages as a result.

WHEREFORE, as to Count VI, Plaintiff seeks all relief available under the PHRA, including back pay, front pay, compensatory damages, equitable and injunctive relief, prejudgment and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

87. Mr. Strader demands a trial by jury on all issues so triable.

**BROUGHAL & DeVITO, L.L.P.**

Dated: 09/21/2026

BY: /s/John S. Harrison

**JOHN S. HARRISON, ESQUIRE**
Attorney I.D. No. 53864
*Attorney for Plaintiff*
38 West Market Street
Bethlehem, PA 18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969
Johnharrison@broughal-devito.com